IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUAN MUZA, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. 02-0693-WS-C |
| v. | ) |
| | ) CRIMINAL ACTION NO. 99-0074-WS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

The petitioner has filed a "request for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure," (Doc 228), which the Court construes as a motion for such relief. The purpose of the motion is to assert that defense counsel rendered ineffective assistance because he did not relate to the petitioner certain plea proposals proffered by the prosecution. The petitioner discovered this evidence through a FOIA request made in late in 2011 and answered in early 2012. (*Id*. at 5; *id*., Exhibit 1).

"While Rule 60(b) permits a party to seek relief from a judgment on certain limited grounds, it cannot be used by habeas petitioners to raise new claims for habeas relief: this use would circumvent the AEDPA requirement that a petitioner obtain the approval of the appropriate court of appeals before filing a second or successive habeas petition." *Franqui v. Florida*, 638 F.3d 1368, 1371 (11th Cir. 2011). A pleading nominally filed by a criminal defendant under Rule 60(b) must be construed as a habeas petition "if his motion contains a 'claim' … that is, 'an asserted federal basis for relief from a state court's judgment of conviction.'" *Id*. (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)).[1]

The petitioner's motion falls precisely within *Gonzalez*; it seeks to set aside the criminal conviction and sentence based on a new challenge to what occurred in the

---

[1] "[T]he standard announced in *Gonzalez* applies to federal prisoner cases as well." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc).

criminal proceedings. This cannot be done via Rule 60(b) but only by a motion to vacate. As the petitioner has been advised repeatedly, (Docs. 207, 210, 227), because he has previously pursued a motion to vacate, he can pursue another only after obtaining leave to do so from the Eleventh Circuit. Absent such authorization, the Court lacks subject matter jurisdiction and can do nothing but dismiss. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

For the reasons set forth above, the petitioner's motion for relief under Rule 60(b)(6) is **denied**. To the extent the motion can be construed as a motion to vacate, it is **dismissed** for lack of jurisdiction.

DONE and ORDERED this 3rd day of June, 2013.

                                         s/WILLIAM H. STEELE
                                         CHIEF UNITED STATES DISTRICT JUDGE